# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No.98-20229
Summary Calendar

STEVEN WAYNE JANISZYN,

Plaintiff-Appellant,

versus

GALAND MOSER; THE CITY OF BAYTOWN
POLICE DEPARTMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1434)

February 10, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Steven Wayne Janiszyn, a Texas state prisoner, appeals adverse judgments

dismissing part of his claims and granting summary judgment against him in his

42 U.S.C. § 1983 complaint.  Our review of the record and briefs persuades that

the challenged judgments should be affirmed on the basis of the facts as detailed,

authorities cited and analysis made by the district court in its Memorandum and

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Opinion signed May 30, 1997 and filed June 3, 1997, and Order on summary judgment signed on February 27, 1998 and filed March 2, 1998.

In addition to the claims asserted in his complaint, Janiszyn filed a document in the trial court in which he seeks the suspension of a detective involved in his arrest and conviction and complains of adverse impacts on his parole board standing and in a civil proceeding involving his parental relationship with a presumed son. Viewing this document as a proposed amendment to his complaint, we find it patently frivolous and subject to dismissal.[1] A complainant may not rely on pure conclusional allegations of retaliation but "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"[2] The record is devoid of any factual allegations supportive of the broad conclusional charges of retaliation or improper intervention.

Before this court Janiszyn files motions to supplement the record, for appointment of counsel, and for a restraining order. We find no validity in any of these motions and they are, accordingly, DENIED.

The judgments appealed are AFFIRMED.

---

[1] **Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.**, 933 F.2d 314 (5th Cir. 1991).

[2] **Woods v. Smith**, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting **Cain v. Lane**, 857 F.2d 1139, 1143 n.6 (7th Cir. 1998)).